**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert C Lewis, | No. CV-26-08137-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo, et al., | |
| Defendants. | |

On May 20, 2026, Plaintiff (who is proceeding *pro se*) filed a complaint in Mojave County Justice Court, asserting a claim under the Fair Credit Reporting Act ("FCRA") against both Wells Fargo Bank, N.A. ("Wells Fargo") and its chairman and CEO, Charlie Scharf ("Scharf"). (Doc. 1-1 at 2-4.) On June 10, 2026, Wells Fargo timely removed the action to this Court on the basis of federal-question jurisdiction. (Doc. 1.)

The next day, on June 11, 2026, the Clerk's office issued a "Notice to Pro-Se Non-Prisoner Parties Representing Themselves." (Doc. 4.) Among other things, this notice advised Plaintiff that "[i]f you DO NOT respond to a motion within the requirements of the Local Rules, the Court may assume consent to the . . . granting of the motion and may dispose of the motion summarily under Local Rule of Civil Procedure 7.2(i)." (*Id.* at 6.)

On June 15, 2026, the Court issued the preliminary order. (Doc. 7.) Among other things, it reiterated that "failure to . . . comply with the local and federal rules may result in . . . summary disposition of matters pending before the Court" and again cited LRCiv 7.2(i). (*Id.* at 4-5.)

On June 17, 2026, Scharf filed a motion to dismiss for lack of personal jurisdiction and/or for failure to state a claim. (Doc. 8.) Sharf's counsel also filed a certificate of conferral avowing that he "advised Plaintiff of the issues asserted in Mr. Scharf's Motion to Dismiss in writing on June 11, 2026," only for Plaintiff to "not respond to counsel's conferral communication." (Doc. 9.)

Under LRCiv 12.1(b), the deadline for Plaintiff to respond to Scharf's motion was July 17, 2026. That deadline has now expired and Plaintiff did not file a response.

Separately, on July 1, 2026, Wells Fargo filed a motion to dismiss for failure to state a claim. (Doc. 11.) Wells Fargo's counsel also provided a certificate of conferral avowing that he "advised Plaintiff of the issues argued in Wells Fargo's Motion to Dismiss in writing on June 11, 2026," and "[a]lthough Plaintiff responded to other communications from undersigned counsel, Plaintiff did not respond to counsel's conferral communication." (*Id.* at 2.)

Under LRCiv 7.2(c), the deadline for Plaintiff to respond to Wells Fargo's motion was July 15, 2026. That deadline has now expired and Plaintiff did not file a response.

Under LRCiv 7.2(i), "if [an] unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." As noted, Plaintiff has twice been advised that his failure to respond to a motion to dismiss could result in the motion being summarily granted under LRCiv 7.2(i) (Docs. 4, 7), yet neither of those warnings prompted Plaintiff to respond to either of the pending motions.

"Failure to follow a district court's local rules is a proper ground for dismissal . . . [but] [b]efore dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *See also Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) ("The court also did not abuse its discretion in applying

its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond.  Local Rule 7.2(i) of the Rules of Practice of the United States District Court for the District of Arizona authorizes a court to dispose summarily of a motion, if the non-moving party fails to serve and file the required answering memorandum.").  The Court has considered the relevant factors and concludes they support dismissal without prejudice under these circumstances, where Plaintiff's non-compliance has thwarted the public's interest in expedited resolution of litigation and interfered with the Court's ability to manage its docket and Defendants face a risk of prejudice from further delay.  These considerations outweigh the public policy favoring disposition of cases on their merits, and a without-prejudice dismissal is the only feasible alternative to a with-prejudice dismissal.

Accordingly,

**IT IS ORDERED** that:

1.     Scharf's motion to dismiss (Doc. 8) is **summarily granted**.

2.     Wells Fargo's motion to dismiss (Doc. 11) is **summarily granted**.

3.     This action is dismissed without prejudice.  The Clerk shall enter judgment accordingly and terminate this action.

Dated this 22nd day of July, 2026.

Dominic W. Lanza
United States District Judge

- 3 -